IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILLIAM BRIGHAM WEAKS II, and all others similarly situated under 29 USC § 216(b),<br><br>*Plaintiff*,<br><br>v.<br><br>NOVA MUD, INC., and KEN BROMLEY, individually,<br><br>*Defendants*. | Case No. 2:17-cv-121<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

1.  William Brigham Weaks II ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated ("FLSA Class Members"), and on behalf of the proposed Rule 23 New Mexico Class Members ("NM Class Members") (FLSA Class Members and NM Class Members collectively, "All Class Members") against Nova Mud, Inc. and its president Ken Bromley (collectively, "Defendants").

2.  Defendants provide oilfield drilling fluid products and services for their oilfield-drilling clients throughout the Southwest, including clients with operations in New Mexico and Texas. Defendants employ Plaintiff and other workers to perform manual labor and other non-exempt work ("Non-Exempt Employees" or "NEEs") to provide their products and services to customers in the oilfields.

3.  Defendants have violated the FLSA by employing Plaintiff and other NEEs, but failing to pay them for all hours worked or overtime at the proper rate required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NM Wage Law"). Defendants specifically violated the FLSA and NM

Wage law because they misclassified Plaintiff and other NEEs as exempt from overtime and paid them on a salary-only basis without overtime ("OT Misclassification Policy").

## II.  PARTIES

4. Plaintiff William Brigham Weaks II is a New Mexico resident that worked for Defendants as an NEE, and specifically as a drilling fluid engineer, in New Mexico during the relevant statutory periods. He has already filed his consent to participate in this lawsuit.

5. Plaintiff brings this action as a Rule 23 class action pursuant to NM Wage Law. The NM Class Members consist of current and former NEEs paid on a salary or salary-plus-bonus basis that worked for Defendants in or out of New Mexico over the past three years. This definition specifically includes, but is not limited to, Defendants' Drill Pipe Hands, Drill Pipe Operators, Inspectors, Inspection Hands/Helpers, Hardbanders, Mud Engineers, Drilling Fluid Engineers, Truck Pushers, Sand Loaders, Warehouse Loaders, Drill Pipe Operators, Casing Operators, Swampers, and Field Assistants paid on a salary or salary plus bonus that worked for Defendants in or out of New Mexico that were paid on a salary or salary-plus-bonus basis over the last three years. This definition excludes all individuals who have filed consents to join *Foster v. Nova Hardbanding*, LLC, No. 2:15-cv-1047 (D.N.M. Nov. 11, 2015), *Jimenez v. Nova Mud, Inc.*, No. 2:15-cv-1058 (D.N.M. Nov. 19, 2015), *Varela v. Nova Hardbanding, LLC*, No. 2:16-cv-129 (D.N.M. Feb. 3, 2016), *Mishler v. Nova Hardbanding, LLC* (D.N.M. Aug. 9, 2016).

6. Plaintiff also brings this action as a FLSA collective action. The FLSA Class Members consist of current and former NEEs paid on a salary or salary-plus-bonus basis that worked for Defendants in the United States over the past three years. This definition specifically includes, but is not limited to Defendants' Drill Pipe Hands, Drill Pipe Operators, Inspectors, Inspection Hands/Helpers, Hardbanders, Mud Engineers, Drilling Fluid Engineers, Truck Pushers, Sand Loaders, Warehouse Loaders, Drill Pipe Operators, Casing Operators, Swampers,

and Field Assistants paid on a salary or salary plus bonus that worked for Defendants in the United States that were paid on a salary or salary-plus-bonus basis over the last three years. This definition excludes all individuals who have filed consents to join *Foster v. Nova Hardbanding*, LLC, No. 2:15-cv-1047 (D.N.M. Nov. 11, 2015), *Jimenez v. Nova Mud, Inc.*, No. 2:15-cv-1058 (D.N.M. Nov. 19, 2015), *Varela v. Nova Hardbanding, LLC*, No. 2:16-cv-129 (D.N.M. Feb. 3, 2016), *Mishler v. Nova Hardbanding, LLC* (D.N.M. Aug. 9, 2016).

7. Defendant Nova Mud, Inc. operates in New Mexico and has already been served and made an appearance in this lawsuit.

8. Defendant Ken Bromley is the president of Nova Mud, Inc. and has already been served and made an appearance in this lawsuit.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

10. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendants. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

11. Venue is proper in the District Court of New Mexico because a substantial portion of the events forming the basis of this suit occurred in this District and because one or more parties resides in this District. Specifically, Plaintiff resides in this District and the work he performed giving rise to these claims occurred in this District.

## IV.   FLSA COVERAGE FACTS

12. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the All Class Members.

13. At all times hereinafter mentioned, Defendants constituted employers or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and NM Wage Law.

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15. Defendants operate or have operated in interstate commerce, by among other things, dispatching labor and equipment to states including New Mexico and Texas. Plaintiff and other NEEs handled various oilfield equipment and substances that moved in interstate commerce during their employment.

## V.   FACTUAL ALLEGATIONS

16. Plaintiff incorporates all the allegations previously made in this Complaint. Plaintiff brings his (1) collective action allegations individually and on behalf of the FLSA Class Members; and (2) class action allegations on behalf of the NM Class Members.

17. Defendants have provided oilfield drilling fluid products and services to their oilfield clients throughout the Southwest over the last three years. Ken Bromley is the president and owner of Nova Mud, Inc. Ken Bromley is jointly and severally liable for the violations at issue because (1) he is a corporate officer; (2) has an ownership interest in Nova Mud, Inc.; and (3) exerted and continues to exert operational control over Nova Mud, Inc. The operational control he exerted and continues to exert includes making hiring and firing decisions, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules. Ken Bromley additionally has responsibility for the specific FLSA and NM Wage Law violations at issue. Specifically, Ken Bromley: (1)

implemented and enforced the OT Misclassification Policy; (2) instructed Plaintiff and All Class Members that they did not have to clock-in when they reported for work; (3) failed to keep proper employment records for Plaintiff and All Class Members; and (4) failed to keep any proper time records for the hours worked by Plaintiff and All Class Members during their employment.

18.     Defendants employ NEEs to perform manual labor and other non-exempt work to provide products and services to their customers at oilfield drilling sites, but fail to properly pay them overtime pursuant the FLSA and NM Wage Law. Plaintiff and All Class Members duties consist of non-exempt, blue-collar work. The job duties of Plaintiff and All Class Members consisted of routine duties governed by predetermined plans and checklists provided by Defendants or their clients. Defendants controlled virtually every job function for Plaintiff and All Class Members, including tools used and schedule of work. In fact, Defendants prohibited Plaintiff and All Class Members from deviating for their job duties outside of predetermined parameters. For purposes of the FLSA and NM Wage Law, Plaintiff and all NEEs performed substantially similar duties related to servicing oil and gas operations at oilfield jobsites. As the law has made clear, employers who treat oilfield workers that perform manual and technical labor at oilfield sites, such as the NEEs, become liable for unpaid wages when they misclassify oilfield workers as exempt from overtime.

19.     Plaintiff and All Class Members regularly worked over 80 hours per week and Defendants allowed and required them to do so. Instead of paying the NEEs proper overtime for working in excess of 40 hours per week, Defendants paid Plaintiff and All Class Members pursuant to the OT Misclassification Policy that misclassified them as exempt from overtime and paid them on a salary or salary-plus-bonus basis without overtime compensation for hours worked over 40 per week.

20. Defendants knew about the overtime requirements of the FLSA and NM Wage Law, but chose not to pay Plaintiff or All Class Members overtime in compliance with the law. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and All Class Members overtime compensation. Specifically, facts exposing that Defendants willfully violated the FLSA include that Defendants: (1) instructed Plaintiff and All Class Members that they did not have to clock-in when they reported for work; (2) failed to keep proper employment records for Plaintiff and All Class Members; (3) failed to keep any proper time records for the hours worked by Plaintiff and All Class Members during their employment; and (4) received complaints from NEEs regarding overtime pay and unreasonable work hours, but did nothing to investigate or remedy those complaints.

21. Defendants violated the FLSA through their continuing course of conduct that began with the inception of the OT Misclassification Policy and has continued with the enforcement of the same OT Misclassification Policy until the at least of the date of this filing.

## VI. CLASS ACTION ALLEGATIONS

22. Plaintiff incorporates all allegations previously made in this Complaint.

23. Plaintiff brings his class action on behalf of the respective NM Class Members.

24. The NM Class Members are so numerous that their joinder is impracticable. While the precise number of the NM Class Members is unknown, at least 100 Oilfield Workers worked for Defendants at least one workweek of more than 40 hours in or out of New Mexico over the past three years.

25. Plaintiff's claims are typical of the NM Class Members. He and the salaried NM Class Members: (1) were responsible for performing manual labor and other non-exempt work to provide products and services for Defendants' customers at oilfield drilling sites; (2) worked

over 40 hours in at least one workweek in or out of New Mexico over the last three years; and (3) were not paid overtime.

26. Common questions of law and fact for the NM Class Members predominate over any questions affecting any individual member, including:

a. Whether Defendants violated NM Wage Law by failing to pay the respective NM Class Members overtime compensation at a rate of time-and-one-half for all hours worked in excess of 40 in an individual workweek;

b. Whether Defendants violated NM Wage Law by misclassifying the NEEs as exempt from overtime;

c. The proper measure of damages sustained by the respective NM Class Members; and

d. Whether Defendants should be enjoined for such violations in the future.

As a result, Plaintiff will fairly and adequately protect the respective NM Class Members' interests and has retained counsel experienced in complex wage and hour class litigation.

27. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

28. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because: (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices,

including the OT Misclassification Policy. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 NM Class Members to the extent required by Fed. R. Civ. 23(c).

## VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

29.   Plaintiff incorporates all allegations previously made in this Complaint.

30.   During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.   COUNT II: VIOLATION OF NM WAGE LAW

31.   Plaintiff incorporates all allegations previously made in this Complaint.

32.   Plaintiff and the NM Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D). During the relevant time period, Defendants violated and continue to violate NM Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the NM Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the NM Class Members are entitled to their unpaid wages, an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that

are recoverable under NM Wage Law. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.

## IX. RELIEF SOUGHT

33. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Class Members, prays for relief against Defendants as follows in regards to his FLSA collective action claims:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

34. WHEREFORE, Plaintiff, individually and on behalf of the NM Class Members, prays for relief against Defendants as follows in regards to his class action complaint:

   a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class

        Representatives under NM Wage Law, and for designation of Plaintiff's counsel as class counsel;

b.     For Judgment that Defendants violated NM Wage Law by failing to pay Plaintiff and the NM Class Members overtime compensation;

c.     For an Order awarding Plaintiff and the NM Class Members all unpaid overtime compensations, an amount equal to twice their unpaid wages as liquidated damages, prejudgment interest and all available penalty wages under Wage Law;

d.     For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jack Siegel*
**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454

www.4overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This complaint has been served on all counsel of record through the District's ECF system on March 20, 2017.

/s/ *Jack Siegel*
**JACK SIEGEL**

## CERTIFICATE OF CONFERENCE

Plaintiff corresponded with Defendants about this filing and Defendants provided written consent for Plaintiff to file this First Amended Complaint.

/s/ *Jack Siegel*
**JACK SIEGEL**