UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**WILLIAM BRIGHAM WEAKS II**, *et al.*,

    *Plaintiffs,*

        v.                              Civ. No. 17-121 JB/GW

**NOVA MUD, INC.**, *et al.*,
    *Defendants.*

    consolidated with

**LOUIE DESCHAMPS**, and all          Civ. No. 17-493 JB/GW
others similarly situated under
29 U.S.C. § 216(b),

    *Plaintiff,*

v.

**NOVA HARDBANDING, LLC**, *et al.*,

    *Defendants.*

## UNOPPOSED MOTION TO EXTEND TIME FOR PLAINTIFFS TO FILE CLOSING DOCUMENTS

> Here, [Plaintiffs'] problems were life crises; there is nothing simple about them. He did not just make an inadvertent mistake; life overwhelmed him. There is no evidence he was careless. In fact, it appears that he knew about the deadline and intended to, or was in the process of, attempting to move the deadline when things began to get out of control for him…. The evidence suggests a lot of life got crammed into a short period of time. A lawyer should be able to show excusable neglect and good cause when he or she has unexpected turmoil in life. Moreover, a client should not suffer the consequences of having a lawyer who is going through a string of unfortunate circumstances. For these reasons…, the Court finds the [Plaintiffs] have shown excusable neglect in failing to meet the … deadline [file closing documents] and good cause to extend the deadline.

— The Honorable James O. Browning, U.S. District Judge for District of New Mexico[1]

---

[1] Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK), 275 F.R.D. 544, 549– 50 (D.N.M. 2011).

**UNOPPOSED MOTION TO EXTEND TIME TO FILE CLOSING DOCUMENTS**        **PAGE - 1**

On July 5, 2018, the Parties filed a Notice of Settlement to prove the Court with notice that they had reached a settlement in principle and were finalizing by preparing the settlement agreement and paperwork. ECF 69. At that time, the Parties anticipated being able to complete the process within 60 days. Id. Accordingly, the Court entered its Order requiring Plaintiffs to file closing documents not later than September 7, 2018 absent a request showing good cause for an extension. ECF 71.

Plaintiffs' counsel now moves for an extension of time based on a series of events that required lead counsel Derek Braziel ("Lead Counsel") to move for an extension of deadlines in multiple other cases due to a series of unfortunate events that began with his wife being admitted to the emergency room on May 11, 2018.[2] Due to Lead Counsel's series of unfortunate events, Plaintiffs' other counsel—who unlike Lead Counsel do not have expert credentials that would allow them to speak as wage and hours experts on damages issues at conferences[3]—have been forced to pick up the slack for the group as best they could over the since approximately May 2018 while at the same time preparing for multiple trial settings in Texas and New Mexico.

The following specific events limited Lead Counsel, who typically leads the charge on all settlements for Plaintiffs' counsel in similar cases, from performing his normal role:

- **May 15-18:** Lead Counsel's wife was readmitted to the hospital;[4]

---

[2] Rodriguez v. Peak Pressure Control, LLC, No. 2:17-cv-JCH-KBM, ECF 43, 48 (July 3, 2018) (Exhibit A).

[3] See e.g. http://www.overtimelawyer.com/team.html ("Mr. Braziel is also a frequent speaker and author on overtime litigation. He has spoken to labor and employment attorneys at the ABA Annual Convention and to plaintiffs' employment attorneys at NELA's annual convention and wage and hour seminars. He is an author of and senior editorial board member for the seminal treatise on federal overtime law, The Fair Labor Standards Act (Second Edition) (ed. Kearns) and has been a contributor, editor, or associate editor-in-chief of The Fair Labor Standards Act Supplement for over ten years.") (last visited Sept. 6, 2018).

[4] See Exhibit A.

- **May 18-27**: Lead counsel's wife was totally incapacitated after she was related from the hospital due to implant into her central line to receive antibiotics for her condition;[5]

- **June 29, 2018-July 3, 2018:** Lead counsel contracts similar illness to wife and is admitted to hospital, which necessitated filing two motions to extend time to file pre-trial materials later granted by the Court through minute entry;[6]

- **July-August:** Plaintiff's counsel experiences personal crisis that prevented him from completing a Response to a Motion to Compel due to the need to address personal issues with his family and find new housing.[7]

- **July 13 – July 15:**[8] Trial in Austin. Due to lack of bandwidth, Travis Gasper—**a lawyer licensed less than two years ago**[9]—serves as lead trial counsel in federal bench trial despite never performing any role in trial setting prior to that time.

All of Plaintiffs' counsel are relieved to inform the Court that Lead Counsel no longer has any family members in the hospital; is no longer in the hospital himself; and moved into new housing this past week after working to resolve his family issues that necessitated his move.

All of Plaintiffs' counsel are now working diligently together to catch up on all of the backlog caused by Lead Counsel's personal crises that caused his absence over the last four months. These absences did not only necessitate an extension of time in this case, but have caused counsel to need to extend the time in many others since Lead Counsel's wife was admitted to the emergency room in May.

Plaintiffs' counsel has explained these circumstances to defense counsel and they have indicated that they understand the need for an extension to ensure that Plaintiffs' counsel has

---

[5] Id.

[6] See Snively v. Peak Pressure Control, LLC, No. 7:15-cv-134, ECF 188 (July 3, 2018) (Exhibits B, C).

[7] See Key v. Butch's Rat Hole & Anchor Service, Inc., No. 2:17-cv-1171-RB-KRS, ECF 43, 44 (Aug. 15, 2018) (Exhibit D).

[8] Gilchrist v. Schlumberger N.V., No. 1:16-cv-8, ECF 148 (W.D. Tex. Aug. 15, 2017) (reflecting bench trial lasted from August 13, 2018 to August 15, 2018) (Exhibit E);

[9] www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=345454 (reflecting co-counsel Mr. Travis Gasper was licensed on November 4, 2016).

sufficient time to ensure the settlement allocations and agreements are finalized and done in accordance with the law. Accordingly, Defense counsel has indicated they are not opposed to Plaintiff's request for an extension of time and have agreed to extend the deadlines until September 28, 2018 to ensure all counsel has sufficient time to finalize the closing documents.

While Plaintiff's counsel does not take the Court's deadlines lightly, they believe that they have shown good cause for an extension of time to file the closing documents. Based on their agreement with Defendants and the unforeseen circumstances that have (hopefully) finally come to an end, Plaintiffs respectfully request that the Court extend the deadline to file closing documents until September 28, 2018.

/s/ Jack Siegel

**J. DEREK BRAZIEL**
*Attorney in Charge*
SD Bar No. 21134
State Bar No. 00793380
**TRAVIS GASPER**
SD Bar No. 3073720
State Bar No. 24096881
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**Jack Siegel**
Co-Attorney in Charge
Texas Bar No. 24070621
**Siegel Law Group PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 749-1400
www.4overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

*/s/ Jack Siegel*
**JACK SIEGEL**

## CERTIFICATE OF CONFERENCE

I certify that on August 5, 2018, I conferred with Defendants, and they do not oppose this extension.

*/s/ Jack Siegel*
**JACK SIEGEL**